No. 74–717. HERMAN ET AL. *v.* ARKANSAS. Sup. Ct. Ark. Certiorari denied.

MR. JUSTICE BRENNAN, joined by MR. JUSTICE STEWART and MR. JUSTICE MARSHALL, dissenting.

Petitioners were convicted in the Pulaski County, Arkansas, Circuit Court of exhibiting an allegedly obscene film in violation of Ark. Stat. Ann. § 41–2729

(Supp. 1973), which provides in pertinent part as follows:

> "Hereafter, it shall be unlawful for any person knowingly to exhibit . . . any obscene film."

"Obscene" is defined in § 41–2730 (2), which provides:

> " 'Obscene' means that to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."

The Supreme Court of Arkansas affirmed. 512 S. W. 2d 923 (1974).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 41–2729, as it incorporates the definition of "obscene" in § 41–2730 (2), is unconstitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Supreme Court of Arkansas was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process

Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded new trials under local community standards.