## Louise SMITH *v.* STATE of Arkansas

CR 75-78                                    528 S.W. 2d 360

Opinion delivered September 29, 1975

*John M. Fincher,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of having sold, in September of 1974, an obscene film in violation of Ark. Stat. Ann. §§ 41-2729 *et seq.* (Supp. 1973). The jury fixed her punishment at a fine of $2,000 and imprisonment for two years. For reversal the appellant questions the constitutionality of the statute and the accuracy of the trial court's instructions to the jury.

Section 1 of the statute, Act 411 of 1967, reads as follows:

> Hereafter, it shall be unlawful for any person knowingly to exhibit, sell, offer to sell, give away, circulate, produce, distribute, attempt to distribute, or have in his or her possession any obscene film. [Ark. Stat. Ann. § 41-2729.]

It is first argued that the quoted language is constitutionally overbroad, because it makes mere possession of an obscene film a criminal act, contrary to the holding in *Stanley* v. *Georgia,* 394 U.S. 557 (1969). Even though the appellant was charged with the sale of an obscene film rather than with its mere possession, she argues that she has standing to question the asserted overbreadth, for otherwise the continued existence of the statute would tend to suppress constitutionally protected rights. *Gooding* v. *Wilson,* 405 U.S. 518 (1972).

A complete answer to this argument lies in the separability of that part of the statute prohibiting the possession of an obscene film. Section 3 of the Act declares possession to be a misdemeanor, but the other prohibited acts (all of which involve conduct affecting some other person) are declared to be felonies. Ark. Stat. Ann. § 41-2731. We cannot say that the two provisions are so interwoven and so interdependent that the legislature would not have passed one

without the other. To the contrary, it appears to be reasonably certain that the lawmakers would have prohibited the enumerated felonies even if the misdemeanor provision had been known to be invalid. Hence the latter is separable and does not affect the constitutionality of the felony provisions. *Levy* v. *Albright,* 204 Ark. 657, 163 S.W. 2d 529 (1942).

In harmony with the Supreme Court's decision in *Miller* v. *California,* 413 U.S. 15 (1973), we have held that our statute is not so vague as to be invalid. *Herman* v. *State,* 256 Ark. 840, 512 S.W. 2d 923 (1974), cert. den., 420 U.S. 953 (1975); *Gibbs* v. *State,* 255 Ark. 997, 504 S.W. 2d 719 (1974). The appellant argues that all three of those decisions are wrong and should not be followed, and, in effect, that the concept of obscenity cannot be defined with sufficient precision to meet constitutional standards. Needless to say, we are bound by the Supreme Court's language in *Miller.* We find no reason to modify our own decisions in *Herman* and *Gibbs.* And we are by no means persuaded that the First and Fourteenth Amendments exempt traffic in obscene materials from any legislative control whatever.

Lastly, the appellant argues several asserted errors in the trial court's detailed instructions to the jury. It is first contended that the court should not have deleted certain words (which we have italicized) from a defendant's requested instruction telling the jury that a film cannot be deemed obscene unless it is without *ideas or* serious literary, artistic, political, or scientific *or educational or entertainment* value *or other social importance.* A single objection was made to the court's several deletions, which of course did not shift to the court the burden of deciding that some but not all of the deletions were proper. Hence it is enough for us to observe that there was certainly no error in taking out the word "ideas," else the jury would have been erroneously told that no film having ideas can be obscene.

The court was not required to strike out a reference to "contemporary community standards" in the State's general instruction defining the issues. A similar reference was approved in *Jenkins* v. *Georgia,* 418 U.S. 153 (1974). Moreover,

the same phrase was used in the appellant's instruction number 3, which the court gave.

Three essential elements of the offense, to be proved by the State, were explained in the appellant's requested instruction number 1. It is argued that the court should not have modified the third element by adding the phrase that we have italicized: "That the Defendant had knowledge of, *or reasonably should have known*, the nature, character, and content of the motion picture." The modification, however, could not have been prejudicial in the case at bar, because precisely the same language was included in a much more explicit explanation of guilty knowledge in instruction number 17-A, which the court gave at the appellant's own request:

> The law requires that the defendant acted knowingly. This means that the State must prove beyond a reasonable doubt that the defendant had guilty knowledge. In other words, the proof must show, beyond a reasonable doubt, that the defendant knew or reasonably should have known the contents of the box which housed the motion picture were obscene, as specifically defined, to give the defendant fair notice of what material is prohibited.

> Unless the proof establishes such knowledge beyond a reasonable doubt, the defendant must be acquitted.

We have considered all the arguments presented by the appellant and find them to be without merit. She appears to have received a fair trial, according to law.

Affirmed.