## Dan W. FORTNER & Sharon Lee HOLCOMBE *v.* STATE of Arkansas

CR 75-98                    528 S.W. 2d 378

Opinion delivered October 6, 1975

*John M. Fincher*, for appellants.

*Jim Guy Tucker*, Atty. Gen., by: *Terry Kirkpatrick*, Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. The appellants Dan W. Fortner and Sharon Lee Holcombe were convicted at a jury trial in the Pulaski County Circuit Court on information filed by the prosecuting attorney charging them with selling an obscene motion picture film in violation of Ark. Stat. Ann. § 41-2729 (Supp. 1973). The appellant Fortner was fined $2,000 and sentenced to three years in the penitentiary, and the appellant Holcombe was fined $2,000. The appellants rely on the following points for reversal:

"The court erred in refusing to grant defendants' supplemental motion to dismiss.

The court erred in refusing to grant defendants' motion to dismiss.

The trial court erred in denying defendant Holcombe's motion for directed verdict at the conclusion of the state's case.

The closing argument of the attorney for the state was improper and so prejudiced defendant Holcombe that the conviction must be reversed.

The trial court erred in refusing to give certain jury instructions requested by defendants and in giving certain jury instructions over the objection of defendants."

Ark. Stat. Ann. § 41-2729 (Supp. 1973) provides as follows:

"Hereafter it shall be unlawful for any person knowingly to exhibit, sell, offer to sell, give away, circulate, produce, distribute, attempt to distribute, or have in his or her possession any obscene film."

Section 41-2729, *supra,* makes the enumerated acts un-

lawful but Ark. Stat. Ann. § 41-2731 (Supp. 1973) makes the selling of obscene films a felony and mere possession a misdemeanor. The appellants argue that the statute is unconstitutionally overbroad because it makes mere possession of an obscene film a criminal act. This same argument was thoroughly rejected in our recent decision in the case of *Smith v. State*, 258 Ark. 549, 528 S.W. 2d 360 (1975), and we find no merit to that contention here. For a more thorough discussion on this point see *Levy v. Albright*, 204 Ark. 657, 163 S.W. 2d 529 (1942), cited in *Smith, supra*.

In support of their assignment that the trial court erred in refusing to grant their motion to dismiss, the appellants recite three reasons, separately designated as "A," "B" and "C." They contend under "A" that § 41-2729, *supra*, as judicially construed, is vague and indefinite and thus violative of due process in that it does not provide fair notice of what is prohibited. They argue under "B" that wholly aside from the difficulties in determining what standards obtain in Arkansas, the "*new Miller*" test is exquisitely vague and lacking in the precision necessary in legislation touching upon First Amendment rights; and, they argue under "C" that the information charged only that the defendants, on a particular date, at a certain business location, did sell an obscene motion picture film, and that the information is constitutionally insufficient. The arguments under reasons "A" and "B" were advanced and rejected in *Smith v. State, supra*, and we find no merit in the appellants' contention under "C."

Ark. Stat. Ann. § 43-1006 (Repl. 1964) reads as follows:

"The language of the indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the name of the parties. It shall not be necessary to include statements of the act or acts constituting the offense, unless the offense cannot be charged without doing so. Nor shall it be necessary to allege that the act or acts constituting the offense were done wilfully, unlawfully, feloniously, maliciously, deliberately or with premeditation, but the name of the offense charged in the indictment shall carry with it all such allegations. The State, upon re-

quest of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for conviction."

The appellants do not deny that the information satisfies the statutory requirements but they contend that the information does not set forth facts which would enable the appellants to plead an acquittal or conviction in bar of future prosecution for the same offense. The appellants cite two cases, *Hagner* v. *United States*, 285 U.S. 427 (1932), and *United States* v. *Debrow*, 346 U.S. 374 (1953), in support of this argument. In both cases the United States Supreme Court upheld the validity of criminal indictments because they gave the defendants sufficient notice of their alleged crimes. Indeed, the test set forth in *Hagner* and quoted in *Debrow* indicates that it is the court record and not the indictment alone which forms the basis for a plea of former jeopardy. In these cases the court said:

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and 'sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran* v. *United States*, 157 U.S. 286; *Rosen* v. *United States*, 161 U.S. 29."

We find no merit in the appellants' second assignment.

We must agree that the trial court erred in denying defendant Holcombe's motion for directed verdict at the conclusion of the state's case. It is true that a verdict should be directed only when there is no factual issue to go to the jury. *Parker* v. *State*, 252 Ark. 1242, 482 S.W. 2d 822 (1972). But as we view the record in the case at bar, there was no evidence from which the jury could have found, without resorting to surmise and conjecture, that the appellant Holcombe had knowledge that the film sold was an obscene film, as required for conviction under § 41-2729, *supra*. The appellant

Holcombe correctly asserts that there was no direct evidence that she was even present during the conversation in which the appellant Fortner described the film to the investigating officer. There was testimony that she was the person who put the money from the sale into the cash register, and there was also testimony that the cash register was located on a counter which was in front of the film racks from which the obscene film was selected. The evidence indicates that Holcombe was employed as a clerk in the place, and it is easy to surmise that she knew what was going on and what was being sold from the film rack where she worked as cashier. Juries, however, are not permitted to indulge in surmise and conjecture in arriving at a guilty verdict in the trial of one accused of crime. A jury verdict of guilty must be based on competent evidence and there is no evidence in the record that Holcombe knew anything about the content of the film or how it compared with the "peep shows" in the back part of the place. Having concluded that the judgment must be reversed as to Holcombe, we do not reach the appellants' fourth assignment since the argument complained of is not likely to occur at a new trial.

The appellants contend that the trial court erred in giving certain jury instructions requested by the state and in refusing certain instructions requested by the defendants. With the exception of the instruction on scienter contained in the state's instruction No. 1 given by the court in the case at bar, the alleged errors pertaining to the instructions also arose in *Smith* v. *State, supra,* and were decided adversely to the appellants' contention. The portion of the instruction objected to reads as follows:

"As used herein, 'Knowingly' means having general knowledge of, or reason to know, or a belief which warrants further inspection or inquiry of the character and content of a film which is reasonably susceptible of examination by the defendant."

The felony statute under which the appellants were charged was Act 411 of 1967, Ark. Stat. Ann. §§ 41-2729 — 41-2731 (Supp. 1973). This Act did not define scienter. The above portion of the instruction vigorously objected to, was

apparently lifted from Act 133 of 1969 entitled "AN ACT Prohibiting the Sale or Loan of Pornographic Literature to Minors ...,"a misdemeanor statute digested as Ark. Stat. Ann. §§ 41-2732 — 41-2734 (Supp. 1973), where scienter is defined under § 41-2732 (g) as follows:

> " 'Knowingly' means having general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of [sic] both."

We are of the opinion that the trial court went further than he should have gone in adding to the state's instruction No. 1 the phrase: "or a belief which warrants further inspection or inquiry of the character and content of a film which is reasonably susceptible of examination by the defendant." We do not pass upon the use of this language as part of an instruction in a case arising under §§ 41-2732 — 41-2734, *supra,* because that is not the situation in the case before us. Here the appellants were charged under the felony statute, § 41-2729, and we are of the opinion that to sustain a conviction thereunder, scienter requires more than a mere belief which warrants further inspection or inquiry. The appellants' own requested instructions No. 1 and No. 16, which were given by the trial court, if not in conflict with the state's instruction No. 1, certainly added no clarification to all the instructions. The appellants' instruction No. 1 was given as follows:

> "Three essential elements must be proved in order to establish the offense charged in the Information as violation of Arkansas Statutes 41-2729:
>
> FIRST:  That the motion picture charged in the Information is obscene, as I shall shortly explain the meaning of that term to you.
>
> SECOND: That the Defendant exhibited, sold or offered to sell the motion picture charged as obscene in the Information.
>
> THIRD: That the Defendant had knowledge of or reasonably should have known the nature, character, and content of the motion picture.

The burden is upon the Prosecution to prove beyond a reasonable doubt each of the essential elements of the crime; the law never imposes a duty upon any defendant in a criminal case the burden of calling any witnesses or producing any evidence."

The appellants' requested instruction No. 16 was given as follows:

"The mere fact alone that a defendant knew the contents of the motion picture film, if you should find such a fact, does not for that reason alone justify a conclusion that the said defendant knew that the character of the film herein was conceivably obscene in the Constitutional sense."

The judgments as to both appellants are reversed and this case remanded for a new trial.

Reversed and remanded.