**UNITED STATES of America,
Petitioner,**

v.

**Cleburn OLIVER, Custodian of Records,
Cleburn Oliver Motors, Inc.,
Respondent.**

**UNITED STATES of America,
Petitioner,**

v.

**Donald BROTHERS, partner in Donald
Brothers Motors a/k/a Brothers
Motors, Respondent.**

**Misc. Nos. 605 and 607.**

United States District Court,
E. D. Wisconsin.

Sept. 7, 1977.

William J. Mulligan, U. S. Atty. by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for petitioner.

Shellow & Shellow by James M. Shellow, Stephen Glynn, Milwaukee, Wis., of counsel, Herman Watson, Jr., of Watson, Moore & Mason, Huntsville, Ala., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In these cases, the respondents Cleburn Oliver and Donald Brothers as representatives of Cleburn Oliver Motors, Inc., and Donald Brothers Motors a/k/a Brothers Motors, respectively, were subpoenaed to testify and to produce certain records before a grand jury. The respondents appeared but declined to answer questions or to produce, identify, or authenticate the records enumerated in the subpoenas duces tecum with which they had been served. On the government's petition, I signed an order requiring the respondents to show cause why they should not be found in civil contempt for failing to comply with the subpoenas duces tecum. An evidentiary

hearing was held, and the parties have filed written submissions.

On consideration of the record before me in these matters, I believe that the respondents have raised no valid objection to complying with the subpoenas duces tecum and that they should be found in civil contempt of this court because of their failure to comply therewith.

The respondents have raised several objections to enforcement of the subpoenas, namely: (1) the government must demonstrate the relevance of the subpoenaed materials to the ongoing investigation, and it has failed to do so; (2) the government has failed to meet its obligation to show that the respondents' testimony relates to criminal activities venued in this district; (3) each of the respondents has a valid fifth amendment objection to compliance with the subpoenas, and the government has not shown that the materials sought are outside the fifth amendment's protection.

## I. RELEVANCE

The subpoenas duces tecum command the respondents to produce before the grand jury

"[a]ny and all bills of sales and odometer certificates for those motor vehicles sold by [Cleburn Oliver Motors or Donald Brothers Motors] . . . to Stumpf Ford, Les Stumpf Ford, or Stumpf Motors, Appleton, Wisconsin during the period January 1, 1974 to December 31, 1976. . . . ."

The respondents contend that alteration of odometers became a federal criminal offense in July of 1976 and that documents prior to that time bear no relevance to any proper inquiry of the grand jury.

■ The grand jury foreman testified that the documents described above were relevant to the pending investigation. (trans. p. 9). He also indicated that the grand jury was investigating possible criminal violations in addition to that of altering odometers. He suggested in general terms what those possible criminal violations were. (trans. pp. 22–23). His testimony in this regard amply demonstrates that the materials sought are relevant to the grand jury's inquiry. I find no "highly unusual circumstances" present here which would require a more detailed showing. *United States v. Weinberg*, 439 F.2d 743, 750 (9th Cir. 1971).

## II. VENUE

The respondents take the position that they have no connection with this district and that they "are hardpressed to determine how their testimony could in any way relate to a criminal action in which venue could be laid in this District." They cite *Brown v. United States*, 245 F.2d 549 (8th Cir. 1957) for the proposition that a grand jury may not investigate activity which does not constitute a crime in the district in which it sits.

■ *Brown* also held, however, that "[t]he broad investigatory powers of a grand jury . . . extend . . . to an inquiry into facts that occurred in another district provided that such inquiry has to do with relevant matters." 245 F.2d at 554. Moreover, the case does not stand for the proposition that the government must demonstrate in response to the challenge made here that the respondents' testimony is relevant to an investigation of crimes occurring within this district. Even accepting the respondents' contention that they are not connected to this district, it does not follow that the grand jury is investigating criminal activity unconnected with the district or that the government must demonstrate a nexus between the respondents' testimony and the grand jury's inquiry.

## III. FIFTH AMENDMENT

Mr. Oliver claims that Cleburn Oliver Motors, Inc. is not a corporation in the traditional sense, that is that the organization "has no established institutional identity" apart from him and that he should accordingly be allowed to claim a fifth amendment privilege against compliance with the subpoena. In like manner, Mr. Brothers asserts that Donald Brothers Motors a/k/a Brothers Motors would, because of its size

and organization, not be accorded the benefits of a partnership under Alabama law, and that the fact that his business is a partnership should not preclude him from asserting a fifth amendment privilege in this context.

■ The officer of a corporation or partner in a partnership may not assert a fifth amendment privilege against self-incrimination as to records of the organization which have been subpoenaed in connection with a grand jury investigation. *Fisher v. United States*, 425 U.S. 391, 411–12, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), and cases cited therein. In my opinion, the respondents' assertions as to entitlement to claim fifth amendment privileges should not be sustained in view of *Bellis v. United States*, 417 U.S. 85, 93, 95, 100, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *Reamer v. Beall*, 506 F.2d 1345, 1346 (4th Cir. 1974), cert. den. 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 431 (1975).

■ I accordingly find the respondents Cleburn Oliver and Donald Brothers in civil contempt of this court for their failure to comply with subpoenas duces tecum served on them on February 24, 1977, and February 28, 1977, respectively.

Therefore, IT IS ORDERED that the respondents Cleburn Oliver and Donald Brothers be and hereby are found to be in civil contempt of this court for failing to comply with subpoenas duces tecum served on them on February 24, 1977, and February 28, 1977, respectively.

IT IS ALSO ORDERED that each of the respondents is committed to the custody of the attorney general of the United States for a period of ninety days.

IT IS FURTHER ORDERED that each of the respondents may purge such contempt by complying fully with the subpoenas duces tecum on the next date on which they are directed to appear before the grand jury.