Phil BUCK *v.* STATE of Arkansas

CR 78-214                                    578 S.W. 2d 579

Opinion delivered April 2, 1979
(In Banc)

*Philip M. Clay,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with violating Ark. Stat. Ann. §§ 41-3578 and 41-3580 (Repl. 1977) (Act 411 of 1967) in that he exhibited, circulated or had in his

possession an obscene film. The jury found appellant guilty only of possession and fixed his punishment at one year's imprisonment, with 11 months suspended, and a $1,000 fine. Appellant first contends that the mere private possession of an obscene film, within the confines of his own home, is constitutionally permissible and cannot be made a crime.

Section 1 of Act 411 of 1967 (41-3578) reads:

Hereafter, it shall be unlawful for any person knowingly to exhibit, sell, offer to sell, give away, circulate, produce, distribute, attempt to distribute, or have in his *possession* any obscene film. (Italics supplied.)

Section 3 of Act 411 of 1967 (41-3580) reads:

Any person who knowingly exhibits, sells, offers to sell, gives away, circulates, produces, distributes, or attempts to distribute any obscene film shall be guilty of a felony, and upon conviction thereof shall be fined not more than $2,000 or be imprisoned for a period of not less than one (1) year nor more than five (5) years, or be both so fined and imprisoned. Any person who shall have in his or her *possession* such obscene film shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned in the county jail for a period not to exceed one (1) year, or both. (Italics supplied.)

It is true, as the State argues, that we have previously held portions of Act 411 of 1967 to be constitutional. *Holcombe* v. *State,* 258 Ark. 591, 528 S.W. 2d 378 (1975); *Smith* v. *State,* 258 Ark. 549, 528 S.W. 2d 360 (1975); *Herman* v. *State,* 256 Ark. 840, 512 S.W. 2d 923 (1974), cert. den. 420 U.S. 953, 95 S. Ct. 1337, 43 L. Ed. 2d 431 (1975); see *Gibbs* v. *State,* 255 Ark. 997, 504 S.W. 2d 719 (1974). In *Holcombe* and *Smith,* the appellants attacked the applicable statute on the ground that it is overbroad, because it made mere possession of an obscene film a crime. However, in both cases, the appellants were charged with *the sale* of such a film, not possession of it. In *Herman* and *Gibbs,* the statute was attacked as being overbroad in the definition of obscenity under the requirements of

*Miller* v. *California,* 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973). In *Smith,* we rejected appellant's argument and said:

> A complete answer to this argument lies in the separability of that part of the statute prohibiting the possession of an obscene film. Section 3 of the Act declares possession to be a misdemeanor, but the other prohibited acts (all of which involve conduct affecting some other person) are declared to be felonies. Ark. Stat. Ann. § 41-2731 [now Ark. Stat. Ann. § 41-3580]. We cannot say that the two provisions are so interwoven and so interdependent that the legislature would not have passed one without the other. To the contrary, it appears to be reasonably certain that the lawmakers would have prohibited the enumerated felonies even if the misdemeanor provision had been known to be invalid. Hence the latter is separable and does not affect the constitutionality of the felony provisions.

We adhere to this view that the act may be unconstitutional in part and valid in part. See also *Levy* v. *Albright,* 204 Ark. 657, 163 S.W. 2d 529 (1942).

Here, as indicated, the appellant was convicted of possession only. The evidence contained no reference to his possession of an obscene film in any place other than his home. There was considerable evidence concerning the viewing of three films by young men on a particular night while in appellant's home. The jury, however, did not find appellant guilty of the offense of exhibiting. So, for the first time we are presented with the precise question as to whether the State can constitutionally make it a criminal offense for a person to possess an obscene film within the confines of his own home. The appellant argues that the State cannot and cites *Stanley* v. *Georgia,* 394 U.S. 557, 89 S. Ct. 1243, 22 L. Ed. 2d 542 (1969). There it was noted that no "decision of this court [has] dealt with the precise problem" of possessing obscene material in one's home. *Stanley* was convicted for possession of obscene films found in his home. There, in discussing the rights and interests of a private party and the State, the court held that "the First and Fourteenth Amendments prohibit making

mere private possession of obscene material a crime." Also, "we think that mere categorization of these films as 'obscene' is insufficient justification for such a drastic invasion of personal liberties guaranteed by the First and Fourteenth Amendments." That decision holding the home area is protected from governmental intrusion was reaffirmed in *Paris Adult Theatre I* v. *Slaton,* 413 U.S. 49, 93 S. Ct. 2628, 37 L. Ed. 2d 446, reh. den. 414 U.S. 881, 94 S. Ct. 27, 38 L. Ed. 2d 128 (1973); and *United States* v. *Orito,* 413 U.S. 139, 93 S. Ct. 2674, 37 L. Ed. 2d 513 (1973).

Here we conclude that *Stanley* is controlling and the State's attempt to make mere private possession of obscene material a crime is an unconstitutional invasion of that person's First Amendment rights. Our decision does not impair the other provisions of §§ 41-3578 or 41-3580 since the provision as to possession is separable. *Smith* v. *State, supra.*

We deem it unnecessary to discuss appellant's other contentions for reversal.

Reversed and dismissed.