John GEER *v.* STATE of Arkansas

CA CR 01-004 55 S.W.3d 312

Court of Appeals of Arkansas
Division II
Opinion delivered September 26, 2001

*William R. Simpson, Jr.,* Public Defender, by: *Clint Miller,* Deputy Public Defender.

*Mark Pryor,* Att'y Gen., by: *Clayton K. Hodges,* Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. Appellant, John Geer, was convicted of the following in Pulaski County Circuit Court: 1) commercial burglary, a Class C felony, as defined in Ark. Code Ann. § 5-39-201(b)(1) (Repl. 1997); 2) breaking or entering, a Class D felony, as defined in Ark. Code Ann. § 5-39-202(a) (Repl. 1997); 3) theft of property with a value of $500 or less, a Class A misdemeanor, as defined in Ark. Code Ann. § 5-36-103(a)(1)(b)(4)(A) (Repl. 1997); and 4) possessing instruments of crime, Class A misdemeanor, as defined in Ark. Code Ann. § 5-73-102(a) (Repl. 1997). At the conclusion of a bench trial, appellant was sentenced to three years' imprisonment in the Arkansas Department of Correction for each of the two felony convictions.[1] The sentences were to run concurrently. Appellant argues on appeal that the circuit court erred in denying appellant's motion to dismiss the felony charges of commercial burglary and breaking or entering because the State failed to introduce substantial evidence of appellant's guilt as to these offenses. We affirm.

At trial, the State presented the testimony of Officer White and Officer Marsh showing that they were dispatched to a silent alarm activation at Chicot Elementary School. Both officers arrived at approximately the same time. Officer White testified that upon arrival, he checked the west side of the school grounds, and Officer Marsh checked the east side of the grounds. Officer White testified that almost immediately, he found appellant sitting on the ground in a shadowed area. As he approached appellant, he saw several objects, a coin box, a piece of metal, a pair of tin-snips, and a hacksaw blade, which was wrapped in a washcloth, on the ground beside appellant. Appellant was sitting Indian-style, and the coin

---

[1] Pursuant to Ark. Code Ann. § 5-4-403(c)(1) (Repl. 1997), the circuit court did not impose a sentence on the two misdemeanor convictions; any sentence imposed would be satisfied by his sentence of imprisonment for the two felonies.

box was between his legs. Officer White stated that appellant was apparently counting the change from the box.

Officer Marsh testified that before he went around to the east side of the building, he saw Officer White draw his weapon. He went over to assist Officer White. Following appellant's apprehension, he continued around to the south side of the building where he found a door propped open with a brick. According to both Officer Marsh and Officer White, there was a door near the teachers' lounge that had a hole drilled in it. Officer Marsh explained that a hole was driven through the window of the door so that something could be stuck through the hole and released. Officer White testified that a vending machine in the teachers' lounge had been tampered with. It appeared that the lock on the machine had been popped and the metal around the lock bent back. Appellant was the only person found on the school premises when police arrived.

Appellant testified that on August 5, 1999, his father had given him a ride to the local Shell Station to buy some cigarettes. Appellant bought liquor instead, and his father forced him to walk home. While on his way home, he observed three black men coming toward him. To avoid confrontation, he took a different route, which led him toward the back of the school. Appellant testified that while on his new route home, he discovered a pair of tin-snips and a box of coins. At roughly the same time, he saw a black male running from around the side of the school, and the police arrived.

At the conclusion of the State's case, defense counsel moved to dismiss the two felony charges of commercial burglary and breaking or entering. The motion was denied. After the defense presented its case-in-chief, defense counsel renewed the motion to dismiss the two felony charges. The court did not rule on the renewed motion to dismiss.[2]

■■ A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Rose v. State*, 72 Ark. App. 175, 35 S.W.3d 365 (2000). This court affirms if there is substantial evidence to support the verdict, and in making this determination we review the evidence in the light most favorable to the appellee.

---

[2] Arkansas Rule of Criminal Procedure 33.1(c) states that, "[i]f for any reason a motion or a renewed motion at the close of all the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence."

*Brown v. State,* 310 Ark. 427, 837 S.W.2d 457 (1992) (citing *Gardner v. State,* 296 Ark. 41, 754 S.W.2d 518 (1988)). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Kennedy v. State,* 49 Ark. App. 20, 894 S.W.2d 952 (1995). The fact that evidence is circumstantial does not render it insubstantial. *Brown, supra,* (citing *Conley v. State,* 308 Ark. 70, 821 S.W.2d 783 (1992)). Where circumstantial evidence is relied upon, however, it must exclude every other reasonable hypothesis but the guilt of the accused. *Id.* The question of whether it does exclude other reasonable hypotheses is usually for the fact finder to determine. *Drew v. State,* 8 Ark. App. 120, 648 S.W.2d 836 (1983).

■■ A person commits commercial burglary if he enters or remains unlawfully in a commercial occupiable structure of another with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(b)(1) (Repl. 1997). A place where people assemble for the purpose of education falls within the definition of a commercial building under the statute. Ark. Code Ann. § 5-39-101(2)(B) (Repl. 1997); *Oliver v. State,* 14 Ark. App. 240, 687 S.W.2d 850 (1985), *rev'd on other grounds,* 286 Ark. 198, 691 S.W.2d 842 (1985). A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any . . . coin-operated . . . vending machine. Ark. Code Ann. § 5-39-202(a) (Repl. 1997).

■■ Minutes after the silent alarm was activated at the school, Officers White and Marsh found appellant sitting in a shadowed area just outside the school building. Between appellant's legs was a vending machine coin box, and he appeared to be counting the change from the box. Next to appellant, was a small hacksaw blade, which appellant's father testified belonged to appellant, and a pair of tin-snips. Clearly, the trial court could infer that these items could have been used to gain entry to the school. *See, e.g., Alexander v. State,* 55 Ark. App. 148, 934 S.W.2d 927 (1996) (finding substantial evidence of guilt where the defendant was found outside a just-burglarized business, and in possession of a cash box and tools used to gain entry). The officers then discovered an exterior door apparently forced open and another door near the teachers' lounge with a hole drilled through the glass, along with a vending machine inside the lounge which had been tampered with. No one else was found on the premises. Any reasonable inference may be drawn from circumstantial evidence to the same extent as from direct evidence. *Payne v. State,* 21 Ark. App. 243, 731 S.W.2d 235 (1987).

Here, the fact finder could easily infer that appellant committed both commercial burglary and breaking or entering.

 Although appellant offered his own explanation as to how he came to be in possession of the coin box and other items, the trial court, as the finder of fact, was not obligated to believe him, as he was the person most interested in the outcome of the case. *Rankin v. State*, 338 Ark. 723, 1 S.W.3d 14 (1999).

We hold that substantial evidence supports appellant's convictions.

Affirmed.

JENNINGS, J., and HAYS, S.J., agree.