SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-654

| | | |
|---|---|---|
| | | **Opinion Delivered** April 9, 2014 |
| JAMES T. PIPER | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-12-94] |
| V. | | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

James Piper was tried by a jury and found guilty of the offenses of breaking or entering, theft of property, and theft by receiving. His sole point of appeal challenges only the sufficiency of the evidence supporting the breaking-or-entering conviction. We remand to the circuit court to settle and supplement the record, and, once that has been done, we direct Piper to file a substituted abstract, brief, and addendum.

Piper was Mirandized and then interviewed at the Monticello Police Department by Greg Johnson. In his statement, among other things, Piper denied breaking or entering into the victim's car and taking her purse, claiming instead that he found it in a dumpster near his residence. The interview was recorded on a DVD. During Johnson's testimony at trial, the State introduced the DVD as an exhibit, and it was shown to the jury. In moving for a directed verdict, Piper referenced his recorded statement.

Although the recorded interview was admitted into evidence and shown to the jury, there is no transcript of the taped statement in the record. Moreover, while the digital recording is attached to the record with other exhibits, it is not included in the addendum.

Arkansas Supreme Court Administrative Order No. 4(a) imposes upon the trial court a duty to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury unless the parties waive that requirement on the record. *See also Patton v. State*, 2013 Ark. App. 131. We have not been directed to such a waiver in the record to explain the failure to provide a transcript.

We therefore remand this case to the circuit court for it to settle the record by requiring that a verbatim transcription be made of the custodial statement that was played for the jury at trial and to supplement the record with the addition of this transcription within thirty (30) days of this opinion. *Patton*, *supra*.

Once that has been done, we direct Piper to file a substituted abstract, brief, and addendum that incorporates both the transcript of the custodial statement and the DVD of the statement as required by Arkansas Supreme Court Rule 4–2(a)(8)(A)(i), and to do so within fifteen (15) days after the supplemental record has been filed with this court.

Remanded to settle and supplement the record; rebriefing ordered.

PITTMAN and VAUGHT, JJ., agree.

*Gary W. Potts*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Drew Aylesworth*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.