Cite as 2014 Ark. App. 472

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-654

| | | |
|---|---|---|
| JAMES T. PIPER | APPELLANT | Opinion Delivered SEPTEMBER 17, 2014 |
| V. | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-12-94-1] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | AFFIRMED |

## DAVID M. GLOVER, Judge

James Piper was convicted by a Drew County jury of the offenses of breaking or entering, theft of property, and theft by receiving. Piper was sentenced to four years' imprisonment for each conviction, with the sentences to be served consecutively. He now appeals only his breaking-or-entering conviction, arguing that the trial court erred in denying his motion for directed verdict on that count due to the insufficiency of the evidence.[1] We affirm.

During the evening on July 20, 2012, Elizabeth Efird's purse was taken out of her unlocked car in her carport. The next morning she noticed that her purse was missing around 10 a.m. and reported her loss to the police. Mrs. Efird's purse contained cash, credit cards, and a debit card, along with identification, her social security card, and other personal items.

---

[1]This case was previously appealed; this court ordered rebriefing and remanded to settle and supplement the record. *Piper v. State*, 2014 Ark. App. 224.

Mrs. Efird testified that there was no damage to her vehicle, and she did not see whoever took her purse.

Her husband, Michael Efird, testified that he was able to obtain from a local bank the video from the ATM (there had been an attempt to use Mrs. Efird's ATM card); and that when he called his credit-card company, he learned that one of her credit cards had been used at Wal-Mart. He also learned that a credit card had been used at Fred's. Mr. Efird said that he did not see anyone trying to enter his wife's vehicle, and there was no damage done to it.

David Crutchfield, a Monticello police officer, responded to the call regarding Mrs. Efird's missing purse. He testified that he saw some footprints going north from the Efirds' residence to Oakland Street. Officer Crutchfield did not find any other evidence at the residence, and he did not check for fingerprints.

Greg Johnson, a criminal investigator for the Monticello Police Department, interviewed Piper. He testified that Piper admitted attempting to use Mrs. Efird's ATM card at a bank located about one block from where Piper lived, which was only a few blocks from the Efirds' residence. Officer Johnson stated that he did not remember Piper telling him that he used one of Mrs. Efird's credit cards at Wal-Mart (that in fact Piper had told him that he did not use a credit card at Wal-Mart), but that there was video footage showing Piper using it at Wal-Mart.

During his recorded interview, when asked how he got the purse, Piper said that he found the purse lying in the trash dumpster behind his house around 6:00 a.m. on July 21; he rummaged through it and found forty dollars in cash and a couple of credit cards. Piper stated

SLIP OPINION

that he threw the credit cards away; however, he also said that he used a card at Fred's to get a pair of shoes that he later returned. He admitted that he attempted to use the ATM at Commercial Bank across the street from his house, but that he could not get it to work. Piper further said that he probably bought cigarettes with the cash he found in the purse.

At the close of the State's evidence, Piper made a motion for directed verdict with respect to breaking or entering, arguing that there was no direct evidence that he had broken into the vehicle and that it was entirely possible that he could have found the purse in the dumpster. The trial court denied the motion. When Piper renewed this motion at the close of the case, it was again denied.

Challenges to the sufficiency of the evidence to support a conviction are considered in the light most favorable to the State, considering only the evidence in favor of the guilty verdict. *Haire v. State*, 2010 Ark. App. 89. The conviction is affirmed if supported by substantial evidence; that is, evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. The fact that evidence is circumstantial does not render it insubstantial. *Geer v. State*, 75 Ark. App. 147, 55 S.W.3d 312 (2001). Circumstantial evidence may be used to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion; this determination is a question of fact for the fact-finder. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The finder of fact is also tasked with determining what portions of the witnesses' testimony are credible and must resolve all questions of conflicting testimony and inconsistent evidence. *Id*. The jury is permitted to draw any reasonable inference from circumstantial evidence to the same extent

SLIP OPINION

that it can from direct evidence; it is only when circumstantial evidence leaves the jury solely to speculation and conjecture that it is insufficient as a matter of law. *Deviney v. State*, 14 Ark. App. 70, 685 S.W.2d 179 (1985).

A person commits the offense of breaking or entering if he enters or breaks into any vehicle with the purpose of committing a theft or felony. Ark. Code Ann. § 5-39-202(a)(1) (Repl. 2013). Piper, citing *Fortner v. State*, 258 Ark. 591, 528 S.W.2d 378 (1975), argues that a directed verdict should have been granted because there was no evidence from which the jury could have found, without resorting to speculation and conjecture, that he was guilty of the offense of breaking or entering. We disagree.

Looking at the evidence in the light most favorable to the State, Piper, who lived only a few blocks from the Efirds' house, attempted to use Mrs. Efird's ATM card in the early-morning hours the day after the purse was stolen. He was also captured on video that morning using one of Mrs. Efird's credit cards at Wal-Mart. Furthermore, there was cash in the purse that Piper admitted to spending. It is apparent that the jury did not believe Piper's story that he found the purse in the dumpster behind his house, which was its right; it is the responsibility of the fact-finder to determine whether circumstantial evidence is consistent with guilt and inconsistent with any other reasonable conclusion. *Baughman*, supra.

Here, there was direct evidence that Mrs. Efird's purse was taken from her vehicle; Piper was in possession of her purse the morning after it was taken; he lived only a few blocks from the Efirds' residence; he used at least one of Mrs. Efird's credit cards and attempted to use her ATM card to no avail; and he spent the money he found in the purse. Given this

direct evidence, there is also circumstantial evidence sufficient to support an inference that Piper was the person who entered the vehicle and took the purse.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Drew Aylesworth*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.