SLIP OPINION

Cite as 2014 Ark. App. 688

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–326

| | |
|---|---|
| | **Opinion Delivered** December 3, 2014 |
| BRUCE ALLEN ECHOLS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 63CR-12-513] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| STATE OF ARKANSAS | REMANDED TO SETTLE AND |
| APPELLEE | SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

**KENNETH S. HIXSON, Judge**

Appellant Bruce Allen Echols was convicted of aggravated robbery and was sentenced to thirty years in prison. On appeal, Mr. Echols argues that the trial court erred in failing to suppress his custodial statements to the police, as well as the evidence obtained pursuant to a search warrant that was in part based on those custodial statements. Mr. Echols contends that all of this incriminating evidence was obtained after he was illegally arrested, and therefore that it should have been excluded as fruit of the poisonous tree. We remand for the record to be settled and supplemented, and we order rebriefing.

During the investigation of this case, Mr. Echols was Mirandized and then interviewed by officers at the Benton Police Department. During the interrogation, Mr. Echols initially denied any involvement in the bank robbery, but later admitted to committing the crime.

The interview was recorded on a DVD, which was admitted into evidence both at the suppression hearing and at trial, and was played for the jury. As required by our rules, this DVD is included in appellant's addendum. However, the record contains no transcript of the recorded interview.

Arkansas Supreme Court Administrative Order No. 4(a) imposes upon the trial court a duty to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury unless the parties waive that requirement on the record. Here, there is no indication that the parties waived on the record the making of an official transcript of appellant's recorded custodial statement. Consequently, we remand to the circuit court to settle the record by requiring that a verbatim transcription of the recording be made and that the record be supplemented with the addition of this transcription within thirty days of this opinion. *See Piper v. State*, 2014 Ark. App. 224; *Patton v. State*, 2013 Ark. App. 131.

Once that has been done, we direct Mr. Echols to file a substituted abstract, brief, and addendum incorporating both the transcript of appellant's custodial statement and the DVD of the statement as required by Arkansas Supreme Court Rule 4-2(a)(8)(A)(i), and to do so within fifteen days after the supplemental record has been filed with this court.

Upon rebriefing, we also direct Mr. Echols to cure additional deficiencies in his addendum. Rule 4-2(a)(8)(A)(i) requires the addendum to include the order from which the appeal is taken, and appellant's addendum does not contain the sentencing order being appealed. Nor does his addendum contain the charging instrument on which the prosecution

was based. We order appellant to include these critical documents in his addendum. These briefing deficiencies are not to be taken as an exhaustive list, and we encourage appellant to carefully examine the record and review our rules before resubmitting his brief.

Remanded to settle and supplement the record; rebriefing ordered.

HARRISON and WOOD, JJ., agree.

*The Burns Law Firm, PLLC*, by: *James D. Burns* and *Jack D. Burns*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.