

Cite as 2015 Ark. App. 442

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–1111

| | |
|---|---|
| ROSMAN CHANTHARATH<br>APPELLANT | **Opinion Delivered** September 2, 2015 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2013-1746-6] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## CLIFF HOOFMAN, Judge

Appellant Rosman Chantharath appeals from his conviction for delivery of a controlled substance (methamphetamine), for which he received a sentence of five years' imprisonment and a $10,000 fine. On appeal, Chantharath argues (1) that the circuit court abused its discretion by refusing to allow him to cross-examine a witness about a pending petition to revoke the witness's probation and (2) that the circuit court's refusal to allow this evidence violated his right to confront the witness against him. We decline to address the merits of the appeal at this time and instead remand to settle and supplement the record. We also order rebriefing.

On October 14, 2013, Chantharath was charged with one count of delivery of a controlled substance (methamphetamine). The jury trial was held on August 28, 2014, and an audio recording of the controlled buy between Chantharath and the confidential informant

was played for the jury and admitted into evidence. Although a transcript of the recording that had been prepared by the prosecutor was also admitted as an aid to the jury, no official transcription of what was played at trial is contained in the record before us. Pursuant to Arkansas Supreme Court Administrative Order No. 4(a), the circuit court has the duty to ensure that a verbatim record is made of all proceedings pertaining to any contested matter between the court or the jury unless the issue is waived on the record by the parties. No such waiver appears in the record in this case. In previous cases where there was no official transcription in the record of a statement or other recording that was played at trial, this court has remanded the case to the circuit court to settle the record by requiring that a verbatim transcription be made and that the record be supplemented with this transcription. *See, e.g.*, *Piper v. State*, 2014 Ark. App. 224; *Patton v. State*, 2013 Ark. App. 131. Although Chantharath does not challenge the sufficiency of the evidence supporting his conviction in this appeal, his evidentiary arguments are related to the credibility of the confidential informant who participated in the drug buy, and the contents of the recording could also potentially be relevant to any harmless-error analysis on appeal.

We therefore remand this case to the circuit court to settle and supplement the record with the verbatim transcription of the recorded drug buy that was played to the jury within thirty days of the date of this opinion. Chantharath must then file a substituted abstract, brief, and addendum incorporating this transcript. Furthermore, although the CD of the recording is contained in the record, it is not included in the addendum. We also order Chantharath to supplement his addendum with a copy of this CD in accordance with Arkansas Supreme



Court Rule 4–2(a)(8)(A)(i) (2015). *Piper, supra.* The substituted abstract, brief, and addendum are then due within fifteen days after the supplemental record has been filed with this court.

Remanded to settle and supplement the record; rebriefing ordered.

ABRAMSON and GRUBER, JJ., agree.

*Steven R. Davis*, for apellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.