

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–370

| | | |
|---|---|---|
| GADRIAN HILL | | **Opinion Delivered** November 4, 2015 |
| | APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. CR–2014-8-4] |
| V. | | |
| | | HONORABLE DON GLOVER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Gadrian Hill was convicted by a Bradley County jury of breaking or entering into a vending machine and was sentenced by the court to twelve years in the Arkansas Department of Correction. He appeals the sufficiency of the evidence. While he admits there was evidence of damage to the vending machine, he claims there was no evidence that he actually gained access to the portion of the machine containing the money; therefore, at most, he was only guilty of attempted breaking or entering. Because such evidence is unnecessary, we affirm.

The facts of this case are fairly straightforward. The Warren Police Department was conducting investigations into vending-machine vandalism and theft. The modus operandi was for dispatch to receive a 911 call indicating shots had been fired. When officers were dispatched to the area of interest for the discharge of shots, the vandalism and theft would

occur at another location. At approximately 10:20 p.m. on February 6, 2014, a dispatcher received a similar 911 call of the discharge of shots. Suspecting that the phone calls were a diversionary tactic designed to facilitate a vending-machine theft, the officers decided to conduct surveillance on several vending machines in town in addition to responding to the area of interest.

At approximately 2:00 a.m. on February 7, Officer Michael Sharp observed Hill walk up and strike a vending machine with a metallic object. The front of the machine was damaged, and the validator, which verifies paper currency, was detached and turned sideways, providing full access to the money inside. Officer Sharp confronted Hill, who fled. Officer Sharp gave chase and ultimately apprehended Hill. No money had been taken from the machine.

Hill was subsequently charged with breaking or entering, and the foregoing evidence was presented by the State. At the close of the State's case, counsel for Hill made a motion for directed verdict arguing that there was no evidence that Hill broke into or entered the machine.[1] Counsel admitted that there was evidence that Hill took a hammer and broke parts of the machine and that there was evidence that it was Hill's intent to steal the money inside. However, he asserted that Hill's actions were not sufficient to complete the crime. He argued that, at the time of the officer's arrival, Hill was still hammering on the machine in an attempt to gain access and that, even though Hill may have actually been able to access the money at

---

[1] Hill was also charged and tried with the breaking or entering of two vending machines that were the subject of an earlier incident. The trial court, however, granted a directed verdict on those two counts at the close of the State's case.

SLIP OPINION

that point, there was no evidence that he had attempted to do so or that he had obtained any money from the machine. Instead, he was interrupted by Officer Sharp before he could complete the crime.

The court denied the motion, finding that there was sufficient evidence given the testimony that the machine was sufficiently damaged to allow full access to the money. Hill renewed his motion at the close of all the evidence and the court again denied it. The jury subsequently convicted Hill of the charge.

Hill now appeals his conviction, challenging the sufficiency of the evidence. Challenges to the sufficiency of the evidence to support a conviction are considered in the light most favorable to the State, considering only the evidence in favor of the guilty verdict. *Haire v. State*, 2010 Ark. App. 89. The conviction is affirmed if supported by substantial evidence, that is, evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* The fact that evidence is circumstantial does not render it insubstantial. *Geer v. State*, 75 Ark. App. 147, 55 S.W.3d 312 (2001). Circumstantial evidence may be used to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion; this determination is a question of fact for the fact-finder. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The finder of fact is also tasked with determining what portions of the witnesses' testimony are credible and must resolve all questions of conflicting testimony and inconsistent evidence. *Id.* The jury is permitted to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence; it is only when circumstantial evidence leaves the jury solely

to speculation and conjecture that it is insufficient as a matter of law. *Deviney v. State*, 14 Ark. App. 70, 685 S.W.2d 179 (1985).

Hill was charged with and convicted of breaking or entering. A person commits the offense of breaking or entering if he enters or breaks into any vending machine or product dispenser with the purpose of committing a theft or felony. Ark. Code Ann. § 5-39-202(a)(3) (Repl. 2013). A violation occurs when a container of the sort described in the statute is sufficiently broken or altered so that the contents or inner works of the device become accessible to entry of any kind. *Stout v. State*, 304 Ark. 610, 616–17, 804 S.W.2d 686, 690 (1991). Whether coins or money are actually removed is irrelevant. *Id.* What is relevant is the intent of the actor. Intent may be inferred; proof of actual theft is not required. *See, e.g.*, *Watson v. State*, 358 Ark. 212, 188 S.W.3d 921 (2004) (holding that the jury could infer intent to deprive the owners of property where appellant's claim that he left the whereabouts of the property on the owner's answering machine was controverted by the fact that the owners reported the property stolen, the property was not recovered for a week, and the property was recovered by the police, not the owners); *Smith v. State*, 346 Ark. 48, 55 S.W.3d 251 (2001) (holding that where videotape showed appellant approaching the gun cabinet six times and walking around and behind the counter three times before opening a display case and removing a gun, there was sufficient evidence for the jury to infer that appellant intended to commit theft); *King v. State*, 256 Ark. 778, 510 S.W.2d 876 (1974) (holding that there was sufficient circumstantial evidence to convict appellant of burglary even where appellant claimed that an unidentified person had forced him at gunpoint to break into the building and

where no property was missing from the building); *Kendrick v. State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992) (holding that, in the absence of evidence of other intent or explanation for breaking or entering an occupiable structure at night, the usual purpose is theft, especially where appellant was seen kneeling by the back door of the victim's home and prying at the door with a knife and attempting to flee when approached).

Here, there was evidence that Hill struck the machine with a hammer to the point that there was full access to the money contained therein. He admitted that he struck the machine with the intent to steal the money contained inside. On this evidence, it was reasonable for the jury to infer that Hill sufficiently broke into the machine with the purpose of committing a theft for the purposes of breaking or entering; it is immaterial that he did not actually take any money from the machine. Accordingly, we find sufficient evidence to support the conviction and affirm.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Joseph P. Mazzanti III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.