SLIP OPINION



Cite as 2015 Ark. App. 686

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–483

| | |
|---|---|
| KERRY ANGELA WILSON<br>APPELLANT | **Opinion Delivered** DECEMBER 2, 2015 |
| V. | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. CR–2007-0066; CR–2013-1208] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE VICTOR L. HILL, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

The Craighead County Circuit Court, sitting as trier of fact, convicted appellant Kerry Angela Wilson of aggravated residential burglary. At the same hearing, Wilson's suspended sentences for two counts of forgery were revoked as well. On appeal, Wilson argues that there was insufficient evidence presented by the State to support both the conviction and the revocation of her suspended sentences. We are unable to address her arguments at this time due to numerous deficiencies in her brief. We remand to the circuit court to settle and supplement the record, and, after that is completed, we direct Wilson to file a substituted abstract, brief, and addendum.

*Verbatim Record*

Wilson was interviewed by Detective Brandon King of the Jonesboro Police Department regarding her participation in the aggravated residential burglary. This interview

was taped, and a DVD of the interview was introduced into evidence as an exhibit by the State and played. However, there is no transcript of the taped statement in the record, and, while the digital recording is attached to the record with the other exhibits, a copy of the recording is not included in the addendum. In *Piper v. State*, 2014 Ark. App. 224, our court held that, because a verbatim record had not been made of all proceedings pertaining to any contested matter before the trial court, and a waiver of this requirement had not been made on the record, the case had to be remanded to settle and supplement the record.

*Essential Documents*

Essential documents required by Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) are missing from the addendum, including the criminal information charging Wilson with aggravated residential burglary and aggravated assault; State's Exhibit 9, which is the DVD of Wilson's interview; and State's Exhibit 10, which is the ledger sheet from the Craighead County Sheriff's Department showing Wilson's payments toward her restitution.[1]

We remand this case to the circuit court to settle the record by requiring that a verbatim transcription be made of Wilson's custodial statement and to supplement the record with the addition of this transcription within thirty days of this opinion. *Piper*, *supra*. Once that has been done, we direct Wilson to file a substituted abstract, brief, and addendum incorporating the abstract of the transcript of the custodial statement and the DVD of the

---

[1] We note that, while contained in Wilson's copy of her brief filed with our clerk's office, the Attorney General's office, in its copying of Wilson's brief, failed to include the January 16, 2015 sentencing order for Wilson's aggravated-residential-burglary conviction, page eleven of the abstract, page three of the statement of the case, page three of the argument, and pages seventeen and eighteen of the addendum.

statement, as well as the other essential documents listed above, within fifteen days after the supplemental record has been filed. We caution counsel that the deficiencies listed are merely illustrative and not necessarily exhaustive, and we encourage counsel to familiarize herself with the requirements of Rule 4-2 to ensure that the substituted brief contains all necessary information and documents.

Remanded to settle and supplement the record; rebriefing ordered.

HIXSON and HOOFMAN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.