Howard G. REAMER, Appellant,

v.

George BEALL, United States Attorney, and James M. Kramon, Assistant United States Attorney, Appellees.

No. 74–2232.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 6, 1974.

Decided Nov. 8, 1974.

Stay Granted Nov. 18, 1974.

See 95 S.Ct. 488.

Certiorari Denied Feb. 24, 1975. See 95 S.Ct. 1338.

---

**1346**

David Freishtat, Baltimore, Md., for appellant.

James M. Kramon, Asst. U. S. Atty., Baltimore, Md., for appellees.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Howard G. Reamer, the sole stockholder and sole professional employee of Howard G. Reamer, Chartered, a Maryland professional corporation, seeks review and reversal of the district court's finding that he is in contempt of court for failure to obey a grand jury subpoena for the production of certain records of Howard G. Reamer, Chartered, and the district court's order that he be incarcerated until the contempt has been purged. The matter was first presented by an application for a stay of the district court's order pending appeal; but, by agreement of the parties, the matter has been submitted for decision on the merits on the original papers without oral argument.

The sole point before us is that, because he is the sole stockholder and sole professional employee of the corporation, Reamer, as the custodian of the corporation's records, may invoke his personal fifth amendment right against self-incrimination to justify their nonproduction. On the authority of Bellis v. United States, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), the district court, in an oral opinion, ruled to the contrary and, we think, correctly so. Even though, under Maryland law, professional corporations do not possess all of the attributes of ordinary business corporations, and stockholders and professional employees of professional corporations do not enjoy the same limitations of civil liability as do their counterparts of ordinary business corporations, the force of the statement in Bellis, 417 U.S. at 100, 94 S.Ct. at 2189, that "no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be," is not diluted. We affirm on the oral opinion of the district court.

The mandate shall issue forthwith; but its effect shall be stayed until 8:30 a. m. on November 20, 1974, so as to afford Reamer the opportunity to seek a further stay and/or bail from the Supreme Court of the United States, or a Circuit Justice, pending the filing of an application for a writ of certiorari.

Affirmed.