THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGALADO FLORENDO, Defendant-Appellant.

First District (2nd Division)    No. 80-1690

Opinion filed April 14, 1981.

Sherman C. Magidson and Glenn E. Gutsche, both of Chicago (Harry J. Busch, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Casimir J. Bartnik, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Dr. Regalado Florendo was held in contempt of court for failure to comply with a *subpoena duces tecum* issued by a Cook County grand jury. He was ordered committed to jail until he complied with the subpoena. Incarceration was stayed pending resolution of defendant's appeal.

Defendant asks this court to determine whether the statutory physician-patient privilege (Ill. Rev. Stat. 1979, ch. 51, par. 5.1) or the terms of the Illinois Abortion Law of 1975 (Ill. Rev. Stat. 1979, ch. 38, par. 81—21 *et seq.*) exempt him from having to comply with the grand jury subpoena.

On February 21, 1979, a Cook County grand jury issued a *subpoena duces tecum* to the Michigan Avenue Medical Center, directed to the Center's president, Dr. Regalado Florendo. The subpoena commanded defendant to produce "any and all medical records including but not limited to treatment, correspondence and billing and receipt records" for numerous listed case numbers as well as for certain named individuals.

Defendant made a motion to quash the subpoena.[1] Apparently, the circuit court ruled that photocopies of the identification cards of public aid recipient-patients of defendant's clinic were not protected under the physician-patient privilege, and ordered those photocopies to be turned over to the grand jury. (This order is not found in the record.) Defendant failed to do so. The State then petitioned for a rule to show cause why defendant should not be held in contempt of court for refusing to turn over "certain documents" to the grand jury. Defendant filed a motion to strike the State's petition.

The circuit court held a hearing on these various motions. The court ruled that the secrecy of the grand jury would protect any disclosures defendant would make. The specific "impounding order" entered by the court in furtherance of its ruling decreed:

"[T]hat transcripts of all testimony given in respect to [the subpoena] be impounded by the Court until further order. It is further

---

[1] At some point in time, defendant apparently turned over all of the requested documents to the custody of the circuit court for safekeeping.

ordered that all documents subpoenaed by the [grand jury] and the contents thereof not be released or revealed to anyone other than the Grand Jury. It is further ordered that all witnesses disclosed by virtue of testimony or delivery of documents to the Grand Jury are not to be inquired of other than before the Grand Jury unless there is a specific and full waiver of the physician-patient privilege by the witness."

The court also denied defendant's motion to strike the State's petition for a rule.

Defendant thereafter refused to turn the documents over to the grand jury. The court then entered the requested rule to show cause, and found defendant to be in contempt of court. He was ordered incarcerated until he complied with the court's disclosure order.

I.

Defendant claims that the statutory physician-patient privilege exempts him from releasing the requested information to the grand jury. ■■ The statute states that no physician shall be permitted to disclose any information he may have acquired in attending any patient in a professional character if the information was necessary to enable him to professionally serve such patient. There are, however, seven listed exceptions to this disclosure restriction. Ill. Rev. Stat. 1979, ch. 51, par. 5.1.

The State argues that two of these exceptions are relevant to this case: the exception applicable in actions, civil or criminal, against the physician for malpractice, and the exception applicable in any criminal action where the charge is either murder by abortion, attempted abortion, or abortion. The State does not indicate its basis for asserting that a malpractice action is involved here. We therefore find that exception to be irrelevant. The State claims that "clearly, this [is] a criminal action against the doctor." In examining the subpoena served upon defendant, we note that it states only that a certain complaint against "John Doe" is being investigated. Nothing therein indicates the nature or subject of the grand jury's investigation.[2] In nearly identical circumstances, the Third Division of this court has recently ruled that a presumption cannot be made that the grand jury's investigation involves a criminal action for abortion without evidence to support such a claim. (*People v. Bickham*

---

[2] We are concerned about the confusion caused in this and possibly other cases by the failure of the grand jury to specify the object of its investigation on the face of the subpoenas. A portion of oral argument of this case focused upon this problem. The State admitted that in general circumstances, there would be no harm resulting from such a disclosure, and that there was no statutory or other prohibition against it. It is our view that in order to avoid this type of problem, future grand jury subpoenas should explicitly state the nature of the investigation being undertaken in the absence of compelling reasons not to do so. Perhaps this is a subject ripe for legislative scrutiny.

(1980), 90 Ill. App. 3d 897, 901-02, 414 N.E.2d 37, *appeal allowed* (1981), ___ Ill. 2d ___.) We therefore find this exception to the privilege to be irrelevant as well. The availability of the statutory privilege thus may not be avoided on the basis of one of that provision's listed exceptions.

The State argues that the privilege has no application when, as here, the only thing sought from the physician are the names of his patients. In support thereof, the State cites *Geisberger v. Willuhn* (1979), 72 Ill. App. 3d 435, 437, 390 N.E.2d 945. Defendant notes and accepts this as a general proposition, but responds that here, revelation of the patient's name will of necessity also reveal the type of treatment received, since the Medical Center performs only abortion-related functions. In support of this view, defendant cites the California case of *Marcus v. Superior Court of Los Angeles County* (1971), 18 Cal. App. 3d 22, 95 Cal. Rptr. 545.

We have carefully assessed the relative merits of these opposing positions. The conflict does not lend itself to a facile or straightforward resolution. On the one hand, we are presented with the patient's interest in maintaining privacy in personal dealings with a physician, as recognized in part by the legislature in enacting the physician-patient privilege. On the other hand, we have the interest of the public in maintaining the breadth of the grand jury's power to conduct investigations and ferret out criminal activity in society, which power is to be given the broadest scope possible consistent with constitutional limitations. *People v. Dorr* (1970), 47 Ill. 2d 458, 462, 265 N.E.2d 601, *cert. denied* (1971), 402 U.S. 929, 28 L. Ed. 2d 863, 91 S. Ct. 1527.

■■ We believe that the particular circumstances existing in this specific case direct a decision in favor of the public's interest. We recognize the fears raised by defendant that, in certain situations, mere revelation of a patient's name can serve to bring, at a minimum, an unwarranted intrusion upon the personal life of that person. In such circumstances, perhaps the patient would have the better argument. Here, however, certain facts serve to sufficiently distinguish this case so as to lead to an alternate disposition.[3] We note that the subpoena itself identifies 13 individuals by name. Compliance with the narrow scope of the circuit court's disclosure order will have no impact upon these persons. Thirty-four other subjects are identified in the subpoena only by "case number." Revelation of the names of these patients would superficially seem to be an intrusion on privacy, until it is recognized that such revelation has already been made in part. We were informed at oral argument that these

---

[3] We therefore distinguish these facts from those in *People v. Bickham*. In that case, the scope of the subpoena was evidently much more extensive than the scope of the revelations which will be made under our holding here. ("Various medical records" there as opposed to only the patients' names here.) As a consequence, we find no conflict between the disparate results of the two cases.

patients utilized funds of the Illinois Department of Public Aid in paying for treatment. Certainly, then, their names are known by that governmental agency. In light of the circuit court's orders impounding the subpoenaed documents and preventing release of information gathered therefrom outside the grand jury, we see no greater disclosure resulting here than has already been voluntarily made by these individuals who chose to utilize State funds to compensate the attending physician for his services.

■■ In general, "the public has a right to every man's evidence." (*Branzburg v. Hayes* (1972), 408 U.S. 665, 688, 33 L. Ed. 2d 626, 92 S. Ct. 2646.) While we recognize that, in proper circumstances, this right of investigation may be circumscribed, we find the present facts to fall outside the boundaries of the circumscription made by our legislature when it enacted the physician-patient privilege. For these reasons, on the specific facts of this particular case, we find the public's interest in maintaining the power of the grand jury to be paramount.[4]

We therefore affirm the narrowly drawn orders of the circuit court regarding the scope of the grand jury's investigation, and we uphold the contempt order entered against defendant for failure to comply therewith. It should be noted that neither the circuit court's orders nor our holding here is in any way concerned with proceedings which may follow from the grand jury's investigation. The question of the applicability of the physician-patient privilege to such potential proceedings is left for another day. For the present, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.

---

[4] With less vigor, defendant also argues that the Illinois Abortion Law of 1975 (Ill. Rev. Stat. 1979, ch. 38, par. 81—21 *et seq.*) precludes his disclosure of names of abortion patients. It is true that in filing reports of abortion procedures to the State Department of Health, as required in the statute, the name of the patient is not to be disclosed, under penalty of law. (Ill. Rev. Stat. 1979, ch. 38, pars. 81—30, 81—31.) However, these confidentiality provisions are, in our opinion, concerned solely with the specific reports required by the statute and should not be broadened to apply to other matters unrelated to Department of Health reports, such as the matters involved here.