THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.*
JONAS MILERIS, Respondent-Appellant.

First District (4th Division)  No. 80-2475

Opinion filed December 17, 1981.—Rehearing denied March 9, 1982.

William J. Martin and Frank E. Stachyra, both of William J. Martin, Ltd., of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Herbert Lee Caplan and Melbourne A. Noel, Jr., Assistant Attorneys General, of counsel), for the People.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

On August 5, 1980, a Cook County grand jury issued a *subpoena duces tecum* to Dr. Jonas Mileris. The subpoena ordered him to appear on August 13, 1980, and give evidence on a certain complaint against him and to bring with him "any and all original documents which may tend to show services rendered by you and bills submitted by you during the period December 1, 1977 and the 15th day of July, 1980, regarding those individuals whose name and social security number appears on the attached Rider; such documents shall include but are not limited to medical history records, patient charts, treatment records, examination records, and billing records for services." On an attached sheet were the names and social security numbers of 29 individuals. Mileris filed a motion to quash the subpoena on the grounds that: (1) the subpoena was overbroad and amounted to a fishing expedition; (2) the subpoena requested the production of material subject to the physician/patient privilege; (3) the subpoena requested the production of material in violation of the fifth amendment right against self-incrimination. This motion was denied on August 13, 1980, apparently without a hearing; at least none is referred to and no report of proceedings of August 13, 1980, appears in the record. When Mileris still refused to turn over the documents, the State petitioned for a rule to show cause why Mileris should not be held in contempt of court. The court entered an order finding Mileris in contempt of court finding *inter alia*: (1) the grand jury was investigating possible violations of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat 1979, ch. 38, par. 16—1) (theft); (2) Mileris was a target defendant of that investigation; (3) the business records subpoenaed are respondent's records of services rendered to persons pursuant to the Illinois Workmen's Compensation Act. On appeal Mileris has not contended that these findings were erroneous or unsupported by the evidence; accordingly, they are binding on the parties and this court. Based on these findings the court sentenced Mileris to the custody of the sheriff for the remainder of the term of the grand jury or until he complied with the subpoena. The court then stayed execution pending appeal.

I

Mileris makes no claim that he is unable to ascertain what documents have been demanded and there is thus no question posed concerning the specificity of the demand. (*People v. Dorr* (1970), 47 Ill. 2d 458, 265 N.E.2d 601, *cert. denied* (1971), 402 U.S. 929, 28 L. Ed. 2d 863, 91 S. Ct. 1527.) Mileris contends, however, that the demand is overbroad and there

has been no showing as to relevancy of any of the documents subpoenaed.

When the grand jury is functioning, society's interests are best served by a thorough and extensive investigation (*Branzburg v. Hayes* (1972), 408 U.S. 665, 33 L. Ed. 2d 626, 92 S. Ct. 2646), and its investigative power must be broad if its public responsibility is to be adequately discharged. *United States v. Calandra* (1974), 414 U.S. 338, 38 L. Ed. 2d 561, 94 S. Ct. 613.

■■ The permissible breadth of a *subpoena duces tecum* is to be measured by the scope of the problem under investigation and a subpoena which is not unreasonably broad when measured by that standard will be sustained. Here the grand jury was investigating possible existence of theft by Mileris, a physician. The subpoena, which merely sought evidence as to such materials as medical treatment for specified patients and the charges therefor, is reasonably restricted in scope and in time span in view of the subject matter under investigation. Compare *People v. Allen* (1951), 410 Ill. 508, 103 N.E.2d 116, *cert. denied* (1952), 344 U.S. 815, 97 L. Ed. 635, 73 S. Ct. 9; *People v. Dorr* (1970), 47 Ill. 2d 458, 265 N.E.2d 601, *cert. denied* (1971), 402 U.S. 929, 28 L. Ed. 2d 863, 91 S. Ct. 1527.

Likewise the documents which Mileris refused to produce are patently relevant to a theft investigation of a physician. Evidence as to medical diagnosis and treatment as well as billing is pertinent to a determination whether Mileris was guilty of criminal misconduct.

II

Section 5.1 of the Evidence Act (Ill. Rev. Stat. 1979, ch. 51, par. 5.1) provides in part:

"No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient, except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide, (2) in actions, civil or criminal, against the physician for malpractice, (3) with the expressed consent of the patient, or in case of his death or disability, of his personal representative or other person authorized to sue for personal injury or of the beneficiary of an insurance policy on his life, health, or physical condition, (4) in all civil suits brought by or against the patient, his personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his estate wherein the patient's physical or mental condition is an issue * * *."

■■ Mileris, relying on *People v. Bickham* (1980), 90 Ill. App. 3d 897, 414 N.E.2d 37, *appeal allowed* (1981), 83 Ill. 2d 571, contends that he is prohibited from producing the subpoenaed documents by his patients' privilege of confidentiality. We do not believe *Bickham* is in point. In *Bickham*, the grand jury attempted to subpoena medical records of 63 women who obtained abortions. As the court pointed out, the women obtained an abortion with the expectation that the information remained confidential; and disclosure of this information, even within the secrecy of the grand jury proceeding, could result in incalculable embarrassment to the women and serious damage to their personal business and family relationships. Here, however, the information was not and had not remained confidential. As found by the trial court, the records were of services rendered to persons pursuant to the Illinois Workmen's Compensation Act. As such, the information sought, or at least most of it, would already have been disclosed by the patients when making claims under the Compensation Act. (Compare *People v. Florendo* (1981), 95 Ill. App. 3d 601, 420 N.E.2d 506.) Indeed section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8) guarantees that none of this information could remain confidential since it provides in part:

"Every hospital, physician, surgeon or other person rendering treatment or services in accordance with the provisions of this Section shall upon written request furnish full and complete reports thereof to, and permit their records to be copied by, the employer, the employee or his dependents, as the case may be, or any other party to any proceeding for compensation before the Commission, or their attorneys."

Since under the particular circumstances there was and could have been no expectation of confidentiality we find, as did the court in *Florendo*, that the present facts fall outside the boundaries of the circumscription of the public's right to evidence made by the legislature when it enacted the physician-patient privilege.

### III

Finally, Mileris contends that the court erred in failing to recognize his fifth amendment privilege to decline to produce the records. The State contends that the records are required documents under section 12 (Ill. Rev. Stat. 1977, ch. 48, par. 138.12), and section 16 (Ill. Rev. Stat. 1977, ch. 48, par. 138.16), and thus fall under the required records doctrine, citing *Shapiro v. United States* (1948), 335 U.S. 1, 92 L. Ed. 1787, 68 S. Ct. 1375; *Grosso v. United States* (1968), 390 U.S. 62, 19 L. Ed. 2d 906, 88 S. Ct. 709; *United States v. Kaufman* (2d Cir. 1970), 429 F.2d 240, *cert. denied* (1970), 400 U.S. 925, 27 L. Ed. 2d 184, 91 S. Ct. 185.

Section 12 provides in part:

"In all cases where the examination is made by a surgeon engaged by the employer, and the injured employee has no surgeon present at such examination, it shall be the duty of the surgeon making the examination at the instance of the employer to deliver to the injured employee, or his representative, a statement in writing of the condition and extent of the injury to the same extent that said surgeon reports to the employer and the same shall be an exact copy of that furnished to the employer, said copy to be furnished the employee, or his representative as soon as practicable but not later than 48 hours before the time the case is set for hearing. Such delivery shall be made in person either to the employee or his representative, or by registered mail to either, and the receipt of either shall be proof of such delivery. If such surgeon refuses to furnish the employee with such statement to the same extent as that furnished the employer said surgeon shall not be permitted to testify at the hearing next following said examination." Ill. Rev. Stat. 1977, ch. 48, par. 138.12.

Section 16 provides in part:

"The Commission, or any member thereof, or any Arbitrator designated by said Commission shall have the power to administer oaths, subpoena and examine witnesses; to issue subpoenas duces tecum, requiring the production of such books, papers, records and documents as may be evidence of any matter under inquiry and to examine and inspect the same and such places or premises as may relate to the question in dispute. Said Commission, or any member thereof, or any Arbitrator designated by said Commission, shall on written request of either party to the dispute, issue subpoenas for the attendance of such witnesses and production of such books, papers, records and documents as shall be designated in said applications, providing, however, that the parties applying for such subpoena shall advance the officer and witness fees provided for in suits pending in the Circuit Court, except as otherwise provided by Section 20 of this Act. Service of such subpoena shall be made by any sheriff or constable or other person. In case any person refuses to comply with an order of the Commission or subpoenas issued by it or by any member thereof, or any Arbitrator designated by said Commission or to permit an inspection of places or premises, or to produce any books, papers, records or documents, or any witness refuses to testify to any matters regarding which he may be lawfully interrogated, the Circuit Court of the county in which said hearing or matter is

pending, on application of any member of the Commission or any Arbitrator designated by the Commission, shall compel obedience by attachment proceedings, as for contempt, as in a case of disobedience of the requirements of a subpoena from such court on a refusal to testify therein.

The records kept by a hospital, certified to as true and correct by the superintendent or other officer in charge, showing the medical and surgical treatment given an injured employee in such hospital, shall be admissible without any further proof as evidence of the medical and surgical matters stated therein, but shall not be conclusive proof of such matters." Ill. Rev. Stat. 1977, ch. 48, par. 138.16.

■■ Under *Grosso v. United States* (1968), 390 U.S. 62, 19 L. Ed. 2d 906, 88 S. Ct. 709, for the required-records exceptions to apply (1) the purpose of the record-keeping requirement must be essentially regulatory; (2) the records must be of a kind customarily kept and (3) the records themselves must have assumed public aspects. It appears clear that the purpose of the quoted sections is essentially regulatory, to promote accurate and just adjudication of claims under the Compensation Act; the records are certainly of a kind customarily kept; and, because they are connected with compensation claims, they have assumed public aspects. But before these criteria are relevant, it must first be ascertained whether the records are in fact required by statute. If they are, then since the criteria set forth in *Grosso* are met, they are not protected by the fifth amendment; if, however, they are not required records, then the required-records exception to the statute is not applicable.

It would appear that the single report mandated in specific instances by section 12 is a required record. Section 12 requires the doctor, if he makes an examination report to an employer, to give a copy to the employee. But we cannot agree with the State's contention that the statutes require the making or keeping of any other records. It merely assumes that records will be kept and gives the Commission subpoena power to obtain whatever records, if any, are kept, subject of course to the constitutional protections. In this essential way, the statute here differs from the statutes in the cases cited by the State; there the keeping of the records was expressly commanded by statute. Since no such requirement exists here, the required-records exception is inapplicable except, as already noted, to the copies required by section 12.

■■ This ruling does not however mean that the subpoena must necessarily be quashed. The privilege against self-incrimination does not exist merely because the witness alleges the testimony may be incriminating (*People v. Anderson* (1973), 14 Ill. App. 3d 925, 303 N.E.2d 793); rather it

is for the trial court to determine if under the particular facts there is a real danger of incrimination. (*In re Folding Carton Antitrust Litigation* (7th Cir. 1979), 609 F.2d 867.) Information and documents which cannot possibly be incriminating no matter how broadly the privilege is construed cannot be withheld (*Interstate Commerce Com. v. Gould* (3d Cir. 1980), 629 F.2d 847, *cert. denied* (1981), 449 U.S. 1077, 66 L. Ed. 2d 800, 101 S. Ct. 856); thus Mileris' blanket citation of the privilege without more will not suffice as a valid claim of the privilege. Rather it is for the court to determine after a hearing whether the fear of incrimination is valid, and if reasonable, how far the valid privilege extends. *United States v. Goodwin* (5th Cir. 1980), 625 F.2d 693.

Furthermore there is no evidence in the record as to whether Mileris is a sole practitioner or a corporation (see *In re Zisook* (Docket Nos. M.R. 2517, 2536, 2552, filed Dec. 4, 1981), 88 Ill. 2d 321, 430 N.E.2d 1037; *Reamer v. Beall* (4th Cir. 1974), 506 F.2d 1345, *cert. denied* (1975), 420 U.S. 955, 43 L. Ed. 2d 431, 95 S. Ct. 1338); whether the records are his or a hospital's (see *People v. Bickham* (1980), 90 Ill. App. 3d 897, 414 N.E.2d 37, *appeal allowed* (1981), 83 Ill. 2d 571); whether the records are held by him personally or in a representative capacity (see *People v. Cohen* (1979), 98 Misc. 2d 874, 414 N.Y.S.2d 642); or whether the records were prepared by Mileris or by another. See *Fisher v. United States* (1976), 425 U.S. 391, 48 L. Ed. 2d 39, 96 S. Ct. 1569.

For the foregoing reasons the judgment of the trial court finding defendant in contempt is vacated and the case remanded for further proceedings in accordance with the opinion.

Vacated and remanded.

JOHNSON and LINN, JJ., concur.